# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DONALD F. LEMASTERS,

    Petitioner,

v.

OHIO ATTORNEY GENERAL, et al.,

    Respondents.

CASE NO. 2:17-CV-1128
CHIEF JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted.

### Facts and Procedural History

Petitioner challenges his December 2016 convictions pursuant to his no-contest plea in the Madison County Court of Common Pleas on fourteen counts of pandering sexually oriented material involving a minor, nine counts of possession of sexually oriented material involving a minor, and one count of possession of criminal tools. He was sentenced to a term of five years community control. Petitioner did not file an appeal. However, on December 13, 2017, he filed a petition for post-conviction relief in the state trial court. According to the *Petition*, that action remains pending.

On December 21, 2017, Petitioner filed this habeas corpus petition.[1] As his sole ground for relief, Petitioner asserts that his sentence violates the Eighth Amendment because the requirement that he register as a sex offender for twenty-five years constitutes cruel and unusual punishment.

### Exhaustion

A state prisoner must exhaust his available remedies in the state courts before a federal habeas court may grant relief. *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, the claim is not exhausted. 28 U.S.C. § 2254(b), (c). Additionally, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A habeas petitioner bears the burden of demonstrating that exhaustion of the available state-court remedies with respect to the claims presented for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

Plainly, this action remains unexhausted. Petitioner has never pursued a direct appeal. He may still do so, pursuant to Ohio Appellate Rule 5(A).[2] Moreover, Petitioner indicates that he

---

[1] On September 4, 2014, Petitioner filed a prior § 2254 action in this Court. *See LeMasters v. Warden, Chillicothe Correctional Institution*, Case No. 2:14-cv-1452. However, on February 17, 2017, *Judgment* was entered dismissing that action as moot, because the state trial court subsequently granted Petitioner's motion to withdraw his guilty plea, and vacated his convictions. In December 2016, Petitioner again entered a plea of no contest to the charges against him.

[2] Ohio Appellate Rule 5(A) provides:

> Motion by Defendant for Delayed Appeal.
>
> (1) After the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:
>
> (a) Criminal proceedings;

has raised the same claim he now presents for review in these proceedings in his state post-conviction petition, which action apparently remains pending in the state trial court.

**Recommended Disposition**

Therefore, it is **RECOMMENDED** that this action be **DISMISSED** without prejudice as unexhausted.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of

---

(b) Delinquency proceedings; and

(c) Serious youthful offender proceedings.

(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App. R. 3 and shall file a copy of the notice of the appeal in the court of appeals. The movant also shall furnish an additional copy of the notice of appeal and a copy of the motion for leave to appeal to the clerk of the court of appeals who shall serve the notice of appeal and the motions upon the prosecuting attorney.

the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*___
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE