# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DONALD F. LEMASTERS,

    Petitioner,

v.

OHIO ATTORNEY GENERAL, *et al.*,

    Respondent.

CASE NO. 2:17-CV-1128
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## **OPINION AND ORDER**

On December 29, 2017, the Magistrate Judge issued a *Report and Recommendation* (ECF No. 2.) pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The Magistrate Judge recommended that this action be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 5.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**. The *Report and Recommendation* (ECF No. 2) is **ADOPTED**. This action is hereby **DISMISSED**. Petitioner's request for a stay is **DENIED**.

The Court **DECLINES** to issue a certificate of appealability.

In December 2016, Petitioner pleaded no-contest in the Madison County Court of Common Pleas to fourteen counts of pandering sexually oriented material involving a minor, nine counts of possession of sexually oriented material involving a minor, and one count of possession of criminal tools. The trial court imposed a sentence of five years community control. (ECF No. 5-14, PAGEID #100.) As his sole claim for relief, Petitioner asserts that his classification as a sexual offender violates the Eighth Amendment and constitutes cruel and

unusual punishment. The Magistrate Judge recommended dismissal of Petitioner's claim as unexhausted because Petitioner indicated that he had not filed a direct appeal and that his petition for post-conviction relief remained pending in the state trial court. Petitioner objects to that recommendation. Petitioner argues that exhaustion would be futile because the Ohio Supreme Court has previously rejected the same argument he raises herein and would have denied his claim had he presented it. Alternatively, Petitioner requests a stay of proceedings to permit him to pursue the filing of a delayed appeal or pending resolution of post-conviction proceedings.

However, the record reflects that Petitioner's claim is no longer unexhausted. Although Petitioner indicated when he filed the *Petition* that he had not pursued a direct appeal, (ECF No. 1, PAGEID #2), the record now reflects that he filed a timely *Notice of Appeal*, and the Office of the Ohio Public Defender filed a *Notice of Appearance* as his appellate counsel. (ECF No. 5-15, PAGEID ##104, 110.) The appellate court subsequently dismissed the appeal with prejudice upon Petitioner's request. (PAGEID #131.) On December 13, 2017, Petitioner filed a *pro se* petition for post-conviction relief in the state trial court in which he asserted, *inter alia*, the same claim he now raises herein. The docket of the Madison County Court of Common Pleas indicates that the post-conviction petition remains pending in the state trial court.

Therefore, Petitioner has exhausted his claim that his classification as a sexual offender violates the Eighth Amendment; the state appellate court granted his request for the voluntary dismissal of his appeal and dismissed the appeal with prejudice. As a result, Petitioner may now no longer pursue the filing of a motion for a delayed appeal. Moreover, consideration of his claim in post-conviction proceedings will most certainly be barred under Ohio's doctrine of *res judicata*, which requires all on-the-record claims to be raised on direct appeal. *See State v. Perry*, 10 Ohio St.2d 175, 180 (1967) (holding that claims must be raised on direct appeal, if

possible, or they will be barred by the doctrine of *res judicata*); *see also State v. Cole*, 2 Ohio St.3d 112, 113 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981). Indeed, the record reflects that the state has filed a response to the petition, requesting dismissal of the action on this basis. (ECF No. 5-10, PAGEID #156.) Under these circumstances, it appears that Petitioner has procedurally defaulted the sole claim he now presents for federal habeas corpus review. *See Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

This Court need not determine the issue, however, because dismissal of this action is warranted, regardless, on another basis as well: the sole issue Petitioner now presents for review does not present a cognizable claim for habeas corpus relief. The Sixth Circuit has held that a person who challenges classification under Ohio's sexual predator law is not "in custody" for purposes of obtaining federal habeas relief even if he is presently incarcerated on the charges underlying the classification as a sexual predator. *Leslie v. Randle*, 296 F.3d 518, 523 (6th Cir. 2002) (reasoning that Ohio's sexual-predator statute places no constraints on a person's movement or ability to engage in legal activities); *Crosky v. Sheets,* No. 2:09-cv-499, 2011 WL 1812430, at *15 (S.D. Ohio May 12, 2011); *Cox v. Brunsman*, No. 2:07-cv-0936, 2008 WL 4185958, at *4 (S.D. Ohio Sept. 5, 2008). Because the sexual predator classification under Ohio law is not "confinement," Petitioner's claim is not a proper basis for federal habeas corpus relief. *See Crosky*, 2011 WL 4185958, at *14-15.

Therefore, Petitioner's *Objection* (ECF No. 5) is **OVERRULED**. The *Report and Recommendation* (ECF No. 2) is **ADOPTED** and **AFFIRMED**. Petitioner's request for a stay is **DENIED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In

contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, 135 S. Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate the dismissal of Petitioner's claim as failing to provide a cognizable issue for relief. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED**.

3-13-2018

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

4